**In re AERO–AUTO COMPANY, INC., t/a Aero Chevrolet, Debtor.**

**Bankruptcy No. 82–00314–A.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Sept. 26, 1983.

Roy B. Zimmerman, Alexandria, Va., for debtor.

Louis K. Rothberg, Alexandria, Va., and Martin P. Schaffer, Silver Spring, Md., for B. Franklin Hofheimer.

William C. White, Acting United States Trustee, Alexandria, Va.

MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The issue for determination here arises upon the objection of the debtor to a Proof of Claim in the amount of $249,276.00 filed by B. Franklin Hofheimer ("Hofheimer").

The claim is based upon a written contract between the parties, dated September 19, 1980, which contract was rejected by the debtor, pursuant to the appropriate provisions of the Bankruptcy Code, on November 3, 1982. The issue to be determined is whether the written agreement is an employment contract within the purview of Section 502(b)(8), thus limiting the damages for its rejection to one-year's compensation under the agreement from the date the petition was filed. The debtor asserts that the proper amount to be allowed on the claim under Section 502(b)(8) is the value of total compensation for one year, or $16,059.24 [1].

On the same day that the parties executed the agreement at issue, they also executed a stock purchase agreement whereby the debtor purchased Hofheimer's shares in the debtor corporation. Hofheimer testified regarding the two agreements that he "thought of it all as one transaction." Hofheimer argues that tax considerations led to the structuring of the stock sale into two parts and that the payment terms under the written agreement were intended to be part of the purchase price paid by the debtor for the stock.

The debtor argues that the document at issue was titled by the parties as an "employment agreement," has the attributes of an employment contract, contains a merger provision stating that it contains the entire agreement of the parties, and was negotiated by Hofheimer's own legal counsel. Accordingly, the debtor contends that the Court should invoke the parol evidence rule and refuse to consider Hofheimer's testimony that the written agreement was intended as part of the stock purchase.

Section 502(b)(8) of the Bankruptcy Code limits the amount the Court may allow on a claim to which the debtor has objected "if such claim is for damages resulting from the termination of an employment contract" to

(A) the compensation provided by such contract, without acceleration, for one year following the earlier of—

(i) the date of the filing of the petition; and

(ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus

(B) the unpaid compensation due under such contract without acceleration, on the earlier of such dates.

11 U.S.C. § 502(b)(8).

This statutory language is clear on its face and manifests an intent on the part of Congress to limit the damages recoverable from a debtor employer. The landlord-tenant analogy advanced in argument by the debtor based upon the section's legislative history is neither apt nor necessary. The meaning of the section is plain and there remains only the determination of whether the contract was in fact an employment contract.

■ In order to be binding, a contract must be definite and certain as to its terms and requirements. Courts generally favor that interpretation which will uphold a contract and, in the case of a written contract, will find the document sufficient if it contains expressions which enable the court to ascertain the terms and conditions agreed upon. *Sawyer v. Matthews,* 166 Va. 177, 190, 184 S.E. 238 (1936). The essentials of an employment contract include definiteness or certainty as to parties, nature and extent of service, and compensation. 53 Am.Jur.2d, *Master and Servant* § 16 (1970).

■ The written agreement at issue here is definite in its terms and the Court reads the document as containing all the elements of an employment contract. The agreement is titled an "employment agreement." Under the terms of the agreement, Hofheimer was to receive compensation plus benefits including hospital insurance and two automobiles. Social Security and withholding taxes were to be deducted from his salary. Salary payments would cease if Hofheimer died before the expiration of the term of the agreement. The debtor, as

---

1. This includes an estimated figure of $280.00 for Lions' Club dues.

employer, had the right to control the activities of Hofheimer, as employee. The contract expressly was made non-assignable and contained non-complete provisions.

The Court notes that there has been performance under the "employment agreement" by both parties. In addition, the record shows that Hofheimer's wife owned an equal number of shares in the debtor corporation. The debtor also purchased these shares at the same price per share under the terms of the "stock purchase agreement." Mrs. Hofheimer, however, did not enter into an "employment agreement" with the debtor. The Court notes further that the "employment agreement" and the "stock purchase agreement" were negotiated and drafted by separate counsel.

Hofheimer argues that this agreement was an employment contract in name only. The actual attributes of the contract, however, negate the argument. In addition, to find that the agreement in question was something other than an employment contract would require that the parol evidence rule be waived so as to admit the testimony of Hofheimer.

The general rule is well settled that parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, written instrument. *In re O'Neill Enterprises, Inc.,* 11 B.R. 711 (D.W.D.Va.1981); *see also,* 7 Michie's Jurisprudence, *Evidence* § 130 *et seq.* (1976) and cases cited therein. Although the case law permits exceptions, these are proper only when the written instrument is unclear. Exception to the rule is not proper when, as here, the written instrument is clear, and the evidence is offered to contradict the definite and unambiguous expression of the written instrument. *See,* 7 Michie's Jurisprudence, *Evidence* § 146 *et seq.* (1976), and cases cited therein.

Accordingly, this is not a proper case to permit testimony under the parol evidence rule and, therefore, the testimony of Hofheimer not only to vary the terms but which attempts to change the terms of the entire document cannot be admitted.

The "employment agreement" at issue here is clear and unambiguous. Moreover, the agreement has the attributes of an employment agreement, not those of a purchase-sale agreement. In addition, if the employment contract with Hofheimer were a means of payment by the debtor for all the stock, such a method would not compensate Mrs. Hofheimer for her shares.

Accordingly, and for all the foregoing reasons, the Court finds that the "employment agreement" executed by the debtor and Hofheimer on September 19, 1980, is an employment contract. As such, a claim for damages under said contract, which has been rejected by the debtor, is limited to the amount allowable under the provisions of Section 502(b)(8) of the Bankruptcy Code which as shown by the uncontradicted testimony of the debtor is $15,779.24, plus the actual costs of dues for the Lions' Club for one year.

An appropriate Order will enter.